ORIGINAL
FILED
U.S. DISTRICT COURT

03 JUL 24  AM 11: 38

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASHINGTON ELECTRIC MEMBERSHIP COOPERATIVE, ) ) ) Plaintiff, ) ) VS. ) ) R.D. MOODY & ASSOCIATES, INC., and ) MASTEC NORTH AMERICA, INC., ) ) Defendants. ) ) | CASE NO. 5:03-CV-0247-2 (WDO) |

## COMPLAINT

COMES NOW, Washington Electric Membership Cooperative ("Washington EMC") and files this Complaint, showing the Court as follows:

### The Parties

1.

Washington EMC is a corporation organized under the laws of the State of Georgia that provides electrical service in Washington County, Georgia.

2.

Defendant, R.D. Moody & Associates, Inc. ("R.D. Moody") is a corporation organized under the laws of the State of Florida that may be served at the office of its Registered Agent, C.T. Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

3.

Defendant MasTec North America, Inc. ("MasTec") is a corporation organized under the laws of the State of Florida that may be served at the office of its Georgia Registered Agent,



Corporation Service Company, 40 Technology Parkway South, Ste. 300, Norcross, Georgia, 30092. MasTec is the surviving corporation of a June 1998 merger with Defendant R.D. Moody and is liable for the acts or omissions of Defendant R. D. Moody to the same extent as if such liabilities had been incurred by Defendant MasTec.

### Jurisdiction and Venue

4.

Defendants are subject to the jurisdiction of this Court because Defendant R.D. Moody transacted business in this jurisdiction, specifically Defendant R.D. Moody installed electrical lines in Washington County pursuant to a contract with Washington EMC. Furthermore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the amount of $75,000.00, exclusive of interest and costs.

5.

The venue of this action is proper in this district and before this Court pursuant to 28 U.S.C. § 1391(a).

### Background Facts

6.

On or about May 27, 2000, Thomas Stanley Smith was fatally injured in Washington County, Georgia, by a power line which was part of Washington EMC's electrical system.

7.

Defendant R.D. Moody constructed the power line which injured Mr. Smith pursuant to a contract entered into by Defendant R.D. Moody and Plaintiff on or about June 26, 1997. When it

performed the construction project, Defendant R.D. Moody was bound by the terms of the contract as well as by Georgia law regarding proper installation of electrical lines.

8.

Defendant R.D. Moody was negligent and breached both the terms of the contract and Georgia law when it stalled the power lines which injured Mr. Smith.

9.

Defendants R.D. Moody and MasTec merged on or about June of 1998.

10.

Pursuant to the Defendants' June 1998 Plan and Articles of Merger, all debts, liabilities and duties of Defendant R.D. Moody attached to Defendant MasTec and may be enforced against it to the same extent as if such debts, liabilities and duties had been incurred or contracted by Defendant MasTec.

11.

Pursuant to the Defendants' June 1998 Agreement and Plan of Merger, Defendant R.D. Moody's property and assets became the property and assets of Defendant MasTec subject to all existing liabilities of Defendant R.D. Moody, which liabilities Defendant MasTec assumed and agreed to pay.

12.

As a result of the negligence of Defendant R.D. Moody in constructing the power line that injured Thomas Stanley Smith, the Estate of Mr. Smith sued Plaintiff and obtained a substantial recovery.

## COUNT ONE

### Indemnity

13.

Plaintiff hereby repeats and incorporates by reference Paragraphs 1 through 12 as though fully set forth herein.

14.

Plaintiff is entitled to indemnification from Defendants because Defendant R.D. Moody's negligence in installing the electrical lines at issue and breach of its agreement with Plaintiff are the direct and proximate causes of the damages that Plaintiff now seeks to recover from Defendants.

## COUNT TWO

### Contribution

15.

Plaintiff hereby repeats and incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16.

In the alternative, should it be determined that Plaintiff and Defendants were jointly liable for the injury to Mr. Smith, Plaintiff is entitled to contribution from Defendants as the primary tortfeasors due to Defendant R.D. Moody's active negligence.

**WHEREFORE**, Plaintiff, being entitled to contribution and indemnity from Defendants, prays for the following relief:

(i)  That this case be tried to a jury;

(ii) That Plaintiff be awarded actual and compensatory damages, including interest, in

an amount to be proven at the trial of this case;

(iii) That Plaintiff be awarded its costs of litigation, including reasonable attorneys' fees, incurred herein; and

(iv) For such other and further relief as the Court deems proper.

Respectfully submitted this the 23rd day of July, 2003.

_____
Hugh B. McNatt
Georgia Bar No. 498300

**MCNATT AND GREENE**
Post Office Drawer 1168
602 Church Street
Vidalia, Georgia 30475
(912) 537-9343

Greg Michell
Georgia Bar No. 504053

**BALCH & BINGHAM, L.L.P.**
3535 Piedmont Road, N.E.
Fourteen Piedmont Center, Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR PLAINTIFF